IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHEALLE MILLER,

    Plaintiff,

v.                                               CASE NO. 3:16-cv-612-MCR-GRJ

SUI GENERIS ENDEAVORS, LLC,
and JAMARIO RIDLEY,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Contempt and to Enforce and Motion for Sanctions. (ECF No. 16.)

Plaintiff initiated this case on November 15, 2016, and thereafter served summonses on Defendant Sui Generis Endeavors, LLC ("Sui Generis") and Defendant Jamario Ridley ("Ridley") on December 21, 2016. (ECF Nos. 1, 4–5.) After Sui Generis and Ridley failed to answer or appear the Clerk entered default against them on February 6, 2017. (ECF No. 8.) The Court then entered default judgment against Sui Generis and Ridley on June 15, 2017, in the amount of $19,441.20, and $17,123.32, respectively. (ECF No. 13.)

In an effort to collect on the judgment Plaintiff served collection interrogatories and collection requests for production on Defendants under Fed. R. Civ. P. 69 on June 29, 2017. (ECF No. 14, Ex. A.) Having received no response Plaintiff's counsel sent correspondence to Defendants on January 23, 2018 in an effort to resolve the matter. (*Id.*, Ex. B.) By February 12, 2018, however, Defendants had failed to respond. (ECF No. 14.) In a further effort to obtain responses to the discovery requests Plaintiff filed a motion to compel and motion for sanctions on February 12, 2018. (ECF No. 14.)

The Court granted Plaintiff's motion to compel on February 13, 2018, and ordered Defendants to "provide Plaintiff with full and complete responses to Plaintiff's Collection Interrogatories and produce all documents responsive to Plaintiff's Collection Requests for Production of Documents," by February 23, 2018. (ECF No. 15 at 3.) The Court also granted Plaintiff's request for sanctions and awarded Plaintiff $500.00 in attorneys' fees and costs, noting that "Defendants have entirely avoided and refused to cooperate with the litigation of this case," which "is unacceptable and will not be tolerated." (*Id.*)

Plaintiff has now filed the instant motion, representing that as of

March 9, 2018, Defendants have failed to comply with the Court's February 13, 2018 order. (ECF No. 16.) Defendants have not provided Plaintiff with responses to the Collection Interrogatories or Collection Requests for Production, nor have Defendants made any contact with Plaintiff or counsel for Plaintiff. Plaintiff therefore requests the Court to find Defendants in willful contempt for their failure to comply with the Court's order. Plaintiff also requests an award of reasonable attorney's fees incurred in bringing the instant motion under Fed. R. Civ. P. 37(a)(5).

Courts have inherent power to enforce compliance with their lawful orders through civil contempt. *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir. 1991). "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (citations omitted). The burden then shifts to the alleged contemnor, who may defend his failure. *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). If the alleged contemnor makes a sufficient showing of inability to comply, the burden then shifts back to the party seeking civil contempt to prove ability to

comply. *Id.* (citations omitted). "A finding of civil contempt must be supported by clear and convincing evidence that: 1) the allegedly violated order was valid and lawful; 2) the order was clear and unambiguous; and, 3) the alleged violator had the ability to comply with the order." *Mesa v. Luis Garcia Land Serv., Co.*, 218 F. Supp. 3d 1375, 1380 (S.D. Fla. 2016) (citing *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010)).

Sanctions imposed for civil contempt to coerce compliance "cannot be any greater than necessary to ensure such compliance," and may not be so excessive that they are essentially punitive in nature. *Citronelle–Mobile Gathering,* 943 F.2d at 1304. Sanctions for civil contempt may include "a coercive daily fine, a compensatory fine, attorneys' fees and expenses . . . and coercive incarceration." *Id.* "Coercive incarceration is within the inherent power of the Court, insofar as it depends on the contemnor's ability to comply, thereby purging himself of contempt, and is designed to coerce, rather than punish and therefore the ordinary requirements of due process do not attach." *Mesa*, 218 F. Supp. 3d at 1380 (citing *Shillitani v. United States*, 384 U.S. 364, 369–70 (1966); *S.E.C. v. Solow*, 396 F. App'x 635 (11th Cir. 2010)).

Accordingly, if Defendants fail to comply within the fourteen day

period for filing objections to this report and recommendation they should be ordered to appear before the Court to show cause why they should not be held in civil contempt and incarcerated.  The Defendants have violated the Court's clear and unambiguous order. The Court has already imposed attorney's fees for failure to respond and therefore it is unlikely that imposing additional fines or attorney's fees will be sufficient to coerce Defendants to comply.

Nevertheless, Plaintiff's request for attorneys' fees should be granted. *See* Fed. R. Civ. P. 37(a)(5)(A). Defendants have entirely avoided and refused to cooperate with the litigation of this case. This is unacceptable and should not be tolerated. Although Plaintiff has not requested a specific amount in attorneys' fees, for the sake of efficiency Plaintiff should be awarded $500.00 in attorneys' fees. In the event that Defendants contest the reasonableness of this award they should file a motion within the fourteen day period in which to object to this report and recommendation.

It is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Contempt and to Enforce and Motion for Sanctions, ECF No. 16, should be **GRANTED** to the extent that if responses to Plaintiff's Collection Interrogatories and Collection Requests for Production are not provided within the

    fourteen day period to object to this report and recommendation this matter should be referred to a magistrate judge for the issuance of a show cause order for Defendants to appear before the Court to show cause why they should not be held in civil contempt and incarcerated.

2. Plaintiff should be awarded attorney's fees in the sum of $500.00. Defendants should be directed to submit payment for the attorney's fees to counsel for Plaintiff within thirty (30) days of the date of the Court's order adopting the report and recommendation.

**IN CHAMBERS** at Gainesville, Florida, this 22nd day of March 2018.

    *s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge